**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|                                          |     |                              |
| ---------------------------------------- | --- | ---------------------------- |
| EDWARD BUSBY,                            | §   |                              |
|                                          | §   |                              |
|                                          | §   |                              |
| Plaintiffs,                              | §   |                              |
|                                          | §   |                              |
| v.                                       | §   | CIVIL ACTION NO. H-18-4570   |
|                                          | §   |                              |
| VACATION RESORTS INTERNATIONAL,          | §   |                              |
| LAW OFFICES OF CLARK J.                   | §   |                              |
| DUELLMAN, *a.k.a and personally,*        | §   |                              |
| CLARK J. DUELLMAN, and                   | §   |                              |
| STACEY SHILLING,                         | §   |                              |
|                                          | §   |                              |
| Defendants.                              | §   |                              |

**MEMORANDUM AND ORDER**

Edward Busby sued Vacation Resorts International, the Law Offices of Clark Duellman, Clark J. Duellman, and Stacy Shilling, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq.* (Docket Entry No. 1). Vacation Resorts and Shilling move to dismiss Busby's claims against them, arguing that they are not creditors who could be liable under the "false-name" exception in the FDCPA; that they are not "debt collectors" under the FDCPA; that they cannot be liable for the alleged flat-rating scheme; and that Busby lacks constitutional standing. Busby responded and Vacation Resorts and Shilling replied. (Docket Entry Nos. 16–17, 36, 39). Based on the record, motion, response, reply, and the applicable law, the motion to dismiss is granted, without prejudice and with leave to amend. Busby must file an amended complaint by **March 15, 2019**.

The reasons for this decision are detailed below.

## I.    Background

Busby alleges that Vacation Resorts designed a "flat-rating" scheme in violation of 15 U.S.C. §§ 1692a(6), 1692e, 1692f, and 1692j.  (Docket Entry No. 1 at ¶ 33).  In February 2018, Busby received a debt-collection letter that appeared to be from Duellman.  (*Id.* at ¶ 40).  The letter stated that Busby owed a debt to the Landing at Seven Coves Owners' Association.  (*Id.*). The letterhead had Duellman's name and his law firm's address.  (*Id.* at ¶ 41).  Busby does not dispute that he owes the debt to the Association.  Busby alleges that Vacation Resorts and Shilling are creditors and used Duellman's name on the letter "to indicate that a third person is collecting or attempting to collect such debts when that is not the case."  (*Id.* at ¶¶ 34–35). While the letter stated that Duellman's address was the proper contact for disputing, paying, or validating the debt, Busby alleges that the address and phone number provided actually belonged to Vacation Resorts.  (*Id.* at ¶¶ 42–43).

Busby alleges that the letter violated the FDCPA because the critical disclosures were "'overshadowed' or contradicted by other language or material" in the letter.  (*Id.* at ¶ 46).  The letter states that Busby could "validate and dispute the debt to the debt collector but provide[d] no way of contacting the debt collector."  (*Id.* at ¶ 47).  Because Duellman was identified as the collector and the letter offered no means to contact him, Busby alleges that he could not validate or dispute the debt using the address in the letter.  (*Id.*).

Busby alleges that when he tried to validate the debt using the address provided in the letter, he received a letter from Shilling, the senior vice-president of operations for Vacation Resorts,  that "denie[d] both the applicability of the FDCPA and also that [Vacation Resorts] is a debt collector."  (*Id.* at ¶ 48; Docket Entry No. 1-2 at 15).  According to Busby, his correspondence with Duellman and Vacation Resorts shows that "Duellman is merely operating

as a 'Letterhead for a Fee'" because Vacation Resorts "is in control of the entire collection process" and the letter provides no address for Duellman. (Docket Entry No. 1 at ¶ 51). Busby alleges that Vacation Resorts contracted with Duellman to send letters that would allow Vacation Resorts to "use the fear of an attorney letterhead . . . against debtors of timeshare properties it manages like 'Landing at Seven Coves.'" (*Id.* at ¶ 53).

Busby also alleges that Vacation Resorts is a "flat-rater," in violation of 15 U.S.C. § 1692j. (*Id.* at ¶ 62). Because Duellman provided only "letterhead and furnishes a letter for a fee," Vacation Resorts was the party responsible for "designing, creating[,] and furnishing a collection letter" to Duellman. (*Id.* at ¶ 63). Busby alleges that this "contracted scheme" violates 15 U.S.C. § 1692e because it uses "false, deceptive[,] and misleading representations" to collect debts. (*Id.* at ¶¶ 64–65).

Busby alleges that Vacation Resorts and Shilling are creditors, not debt collectors, and acknowledges that the FDCPA does not typically regulate creditors. (*Id.* at ¶ 56). But he alleges that they are liable under the FDCPA through the false-name exception, 15 U.S.C. § 1692a(6). (*Id.*). Busby argues that a creditor is treated as a debt collector under the FDCPA when it "uses an alias" or when it "controls all aspects of the collection effort." (*Id.* at ¶ 57). He alleges that because Vacation Resorts and Shilling "have created a scheme that furnishes a collection letter to be sent to the debtors of timeshare properties [Vacation Resorts] manages that directs all collection activity and debtor contact to [Vacation Resorts]," the false-name exception applies. (*Id.* at ¶ 56). Busby alleges that Duellman did "little more than supply . . . his name for a fee," while all the communications were between Busby and Vacation Resorts. (*Id.* at ¶ 61). Busby seeks $1,000 in statutory and actual damages and attorney's fees and costs. (*Id.* at ¶ 73).

Busby also brings claims under the Texas Debt Collections Act. (*Id.* at ¶¶ 74–78). He alleges that because the defendants are "debt collectors" under the Act, and because Vacation Resorts is a "third party debt collector," Vacation Resorts and Shilling are liable under the Texas Act. (*Id.* at ¶¶ 74–78). Busby alleges that Vacation Resorts violated several provisions of the Texas Financial Code, including § 392.304(a)(1), by using Duellman's name to collect its debt; § 392.304(a)(4), by failing to name itself as the debt collector; § 392.304(a)(6), by failing to list the names and addresses of the debt collectors; § 392.304(a)(16), by representing that the letter was a communication from a law firm; § 392.304(a)(17), by representing that a law firm was collecting a debt; § 392.304(a)(18), by using subterfuge to collect a debt; and § 392.304(a)(19), by using misrepresentations to collect a debt or consumer information. (*Id.* at ¶ 79). Busby seeks injunctive relief, actual damages, an award of $100 for each violation, and attorney's fees and costs under the Texas Act. (*Id.* at 20).

Vacation Resorts and Shilling move to dismiss the Busby's amended complaint under Rule 12(b)(6), arguing that all his claims fail as a matter of law. (Docket Entry Nos. 16, 17). Each argument and response is analyzed below.

## II.    The Relevant Legal Standards

### A.    Rule 12(b)(6)

Rule 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

　　To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and

conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do."

*Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at

557). "[A] complaint 'does not need detailed factual allegations,' but must provide the

plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to

be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397,

401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a

complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency

should be exposed at the point of minimum expenditure of time and money by the parties and the

court." *Id.* (quotation marks and alteration omitted).

　　In considering a motion to dismiss under Rule 12(b)(6), "a district court must limit itself

to the contents of the pleadings, including attachments." *Collins v. Morgan Stanley Dean Witter*,

224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are considered

part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [the]

claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429,

5

431 (7th Cir. 1993)). The court may also "take judicial notice of matters of public record." *Norris*, 500 F.3d at 461 n.9.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend as futile if an amended complaint would fail to state a claim on which relief could be granted. *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). Whether to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Id.*

## B.     The FDCPA

The FDCPA seeks to eliminate "abusive, deceptive, and unfair debt collection practices" by regulating the type and number of contacts a "debt collector" may have with a debtor. 15 U.S.C. § 1692. To achieve this goal, the Act regulates communications related to debt collection (§ 1692c); prohibits conduct that tends "to harass, abuse, or oppress" consumers (§ 1692d); forbids debt collectors from making "false, deceptive, or misleading representations" (§ 1692e); proscribes "unfair or unconscionable" debt collection practices (§ 1692f); and requires debt collectors to advise consumers whose debts they seek to collect of specified rights (§ 1692g). "Consumers may sue to enforce the Act's provisions and, if successful, recover actual damages,

statutory damages, and attorney's fees and costs." *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 500 (7th Cir. 2008) (citing 15 U.S.C. § 1692k).

Although the Act imposes strict liability, it also provides a narrow exception to debt-collector liability known as the "bona fide error" defense. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). A debt collector may escape liability if it shows "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

When deciding whether a debt-collection letter violates the FDCPA, the court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). "That is, . . . [the court] must assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Id.* "At the same time [the court] do[es] not consider the debtor as tied to the very last rung on the intelligence or sophistication ladder." *Id.* (internal quotation marks and alteration omitted). "The unsophisticated consumer isn't a dimwit. She may be uninformed, naive, and trusting, but she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (internal citations, quotation marks, and alteration omitted); *see also Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) ("The hypothetical least sophisticated consumer does not have the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." (citation and internal quotations marks omitted)). The standard "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the

credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997).

## III.    Analysis

### A.    Standing

Vacation Resorts and Shilling argue that Busby lacks constitutional standing. (Docket Entry No. 17 at 19).[1] They argue that Busby has not alleged that their actions caused him an injury in fact, because he alleges a procedural injury only. (*Id.* at 20–21). While Busby alleges that Duellman's letter could deceive a consumer, Vacation Resorts and Shilling contend that Busby has "not allege[d] that he himself was confused, nor [has] he allege[d] any facts to support a showing of his concrete injury." (*Id.* at 21).

Busby argues that Vacation Resorts and Shilling misconstrue the law because, although a plaintiff must allege an injury in fact, that injury may be intangible. (Docket Entry No. 36 at 10–11). "When Congress chooses to recognize a concrete injury, a procedural violation alone may 'give rise to a case or controversy where non existed before' if the violation itself creates a 'risk of real harm' to the substantive right granted by Congress." (*Id.* at 11 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016))). Busby argues that the alleged violation of his procedural rights under the FDCPA risks real harm to his "substantive right in being free from abusive debt collection practices, such as false, deceptive, or misleading representations and flat-

---

[1] Standing is a "threshold jurisdictional question." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Although the defendants framed their standing argument under Rule 12(b)(6), this challenge is usually brought under Rule 12(b)(1). *See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6).").

rating schemes." (*Id.* at 12). Because that substantive right is protected through the Act's procedural requirements, Busby argues that he has pleaded injury in fact. (*Id.* at 12–13). Busby also points out that a plaintiff does not need to prove actual damages to recover statutory damages under the FDCPA, suggesting that a plaintiff need not plead actual damages to have standing. (*Id.* at 13).

The Supreme Court held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), that a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision" to have Article III standing. *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Friends of the Earth v. Laidlaw*, 528 U.S. 167, 180–81 (2000)). In defining an "injury in fact," the Court explained that the injury "must actually exist" but noted that "'[c]oncrete' is not . . . necessarily synonymous with 'tangible.'" *Id.* at 1548–49. A plaintiff may suffer an injury in fact based on a violation of a procedural right provided under a statute. *Id.* at 1549. The Fifth Circuit has interpreted *Spokeo* to recognize a sufficient pleading of injury in fact "where a statutory violation creates the 'risk of real harm.'" *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017) (quoting *Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016)).

The Fifth Circuit applied *Spokeo* to an FDCPA claim in *Sayles v. Advanced Recovery Systems, Inc.*, 865 F.3d 246 (5th Cir. 2017). A debt-collection agency sent the plaintiff, Sayles, notices about two allegedly unpaid debts. *Sayles*, 865 F.3d at 248. Sayles did not remember receiving the notices. *Id.* Sayles discovered the unpaid debts from his credit reports, and disputed the debts with the collection agency. *Id.*. However, his credit report was not changed to mark the debts as disputed. *Id.* Sayles sued the agency, alleging a violation of 15 U.S.C. §

1692e(8).  In entering judgment for Sayles, the district court held that he had established Article III standing.  *Id.* at 250.  On appeal, the agency argued that "Sayles did not suffer, nor did he risk suffering, a concrete injury as is required under *Spokeo*."  *Id.*  The Fifth Circuit affirmed, reasoning that, although Sayles asserted a procedural right, the agency's "violation exposed Sayles to a real risk of financial harm caused by an inaccurate credit rating."  *Id.*

Most district courts in the Fifth Circuit have denied motions to dismiss based on insufficient allegations of injury in FDCPA cases.  *See, e.g.*, *Reed v. Receivable Recovery Servs., LLC*, No. 16-12666, 2017 WL 1399597, at *6 (E.D. La. Apr. 19, 2017).  These cases involved allegations that the plaintiff was "victimized by harassment and false or misleading debt collection communications," *id.*, or that the plaintiff suffered "an inaccurate credit rating [that] created a risk of real harm," *Jones v. Portfolio Recovery Assocs., LLC*, No. 16-CV-572-RP, 2017 WL 7052288, at *2 (W.D. Tex. Aug. 16, 2017).  These cases are consistent with decisions from other circuits holding that Article III standing may be based on an alleged FDCPA violation.  *See, e.g.*, *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014) (injury in fact based on the plaintiff's allegation that the attorney who signed a debt-collection letter was not involved in evaluating the case because "the violation of [the] right not to be the target of misleading debt collection communications . . . . constitutes a[n] injury under Article III"); *see also McLain v. Head Mercantile Co., Inc.*, No. 16-780-JWD-RLB, 2017 WL 3710073, at *15 (M.D. La. Aug. 28, 2017) (the plaintiff's allegations that she received a debt collection letter that did not identify the sender and charged a fee were sufficient for standing because those are the types of harms that the FDCPA is meant to address); *Masson v. Pioneer Credit Recovery, Inc.*, No. 16-1887, 2017 WL 819099, at *3 (E.D. La. Mar. 2, 2017) (standing based on allegations that a debt-collection letter misstated collection costs); *Jones*, 2017 WL 7052288, at *2; *Thomas v.*

*John A. Youderian, Jr., LLC*, 232 F. Supp.3d 656, 671 (D.N.J. 2017) ("Deprivation of the right to be free is an interest recognized by the [FDCPA] and one reasonably rooted in the common law."); *Hayes v. Convergent Healthcare Recoveries, Inc.*, No. 14-1467, 2016 WL 5867818, at *4 (C.D. Ill. Oct. 7, 2016) ("[A] violation of the right under § § 1692e to be free from false or misleading representations from debt collectors creates a harm, or risk of harm, sufficient to meet the requirement of concreteness."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16-2021, 2016 WL 4264967, at *5 (N.D. Ill. Aug. 11, 2016) (the defendant's failure to provide the plaintiff with information required under § 1692e constituted a sufficiently concrete harm to confer Article III standing).

However, in *Abercrombie v. Rogers, Carter, & Payne, LLC*, No. 15-2214, 2016 WL 8201965 (W.D. La. Nov. 22, 2016), the Western District of Louisiana dismissed an FDCPA case because the plaintiff failed to allege a concrete injury. The plaintiff alleged that the defendant had violated the § 1692g disclosure requirements by incorrectly implying that, unless the plaintiff timely disputed the debt, the debt would assumed valid by all interested individuals rather than assumed valid by the debt collector only. *Id.* at *5. The court explained that "a bare violation of any of the FDCPA's procedural disclosure requirements does not automatically equate to a finding that the consumer was an actual or potential victim of debt collector abuse." *Id.* Instead, stating a claim requires "alleg[ing] additional facts to show that [the defendant's] alleged information transgressions materially threatened [the plaintiff's] ability to contest an invalid or erroneous debt." *Id.* Because the plaintiff had not explained how the injury suffered related to the harm that the statute was meant to protect, the court held that the plaintiff had failed to allege a concrete injury. *Id.* at *6.

Busby's injury allegations are analogous to the allegations found sufficient to withstand dismissal for lack of standing in *Reed*, *Jones*, and *Sayles*. Busby alleges that Vacation Resorts and Shilling's conduct damaged his "finances, emotional well-being, and [his] public reputation," as well as risked and actually caused "damage to his financial reputation and increased collection and late charge assessment costs if [he] does not pay as directed." (Docket Entry No. 1 at ¶¶ 70–71). According to Busby, Duellman's letter "harmed [him] by causing him to unintentionally waive his FDCPA debt-validation rights, including suspension of collection of disputed debts." (*Id.* at ¶ 72). Most of the harms Busby alleges are conclusory: he alleges no facts that could show financial, emotional, and reputational harm. However, because the FDCPA is meant to protect consumers against misleading debt-collection communications, and because Busby alleges that the communication misled him about who was involved in collecting and validating his debt, he has sufficiently alleged injury for Article III standing.

**B.     The Claims Under the Fair Debt Collection Practices Act**

Busby alleges that Vacation Resorts violated the FDCPA when it used Duellman's letter to try to collect a debt from him. According to Busby, the letter used "false, deceptive[,] and misleading representations" to collect the debt by using Duellman's name to disguise that Vacation Resorts was the party seeking to collect the debt. (*Id.* at ¶ 67); 15 U.S.C. § 1692e(10), (14). Vacation Resorts also allegedly violated § 1692j and § 1692f by providing the letter sent to Busby and by operating a "flat-rating" scheme. (Docket Entry No. 1 at ¶ 67).

**1.     Whether Vacation Resorts and Shilling Fall Under the FDCPA's "False-Name Exception"**

Busby alleges that Vacation Resorts was a creditor that was collecting its own debts. (*Id.* at ¶ 34). "The [Act] generally applies only to 'debt collectors' and not to 'creditors.' A

'creditor' means 'any person . . . to whom a debt is owed.'" *Rollo v. Chase Home Fin. LLC*, No. H-12-2914, 2013 WL 1390676, at *3 (S.D. Tex. Apr. 4, 2013) (citations omitted) (citing 15 U.S.C. §§ 1692c–1692f). However, Busby argues that the "false-name exception" applies to the collection attempts by Vacation Resorts and Shilling because these defendants used Duellman's name "in letters to indicate to [Busby] that a third person [was] collecting or attempting to collect such debts when that [was] not the case." (Docket Entry No. 1 at ¶ 34; *id.* at ¶ 56).

"The false[-]name exception applies to 'any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.'" *Marcotte v. Bank of Am.*, No. H-14-2773, 2015 WL 2184369, at *13 (S.D. Tex. May 11, 2015) (quoting 15 U.S.C. § 1692a(6)). The purpose is "to prevent a creditor from dunning its customers under a false name while maintaining the goodwill associated with the creditor's actual name." *Cangelosi v. New Orleans Hurricane Shutter & Window, L.L.C.*, No. 12-427, 2013 WL 395138, at *5 (E.D. La. Jan. 31, 2013). The elements of the false-name exception are: "(1) the creditor is collecting its own debts; (2) the creditor 'uses' a name other than its own; and (3) the creditor's use of that name falsely indicates that a third person is 'collecting or attempting to collect' the debts that the creditor is collecting." *Raburn v. Wiener, Weiss & Madison*, No. 17-155-JWD-RLB, 2018 WL 2107188, at *5 (M.D. La. May 7, 2018) (quoting *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013)).

Vacation Resorts and Shilling argue that the false-name exception does not apply because Busby does not allege facts that could establish that Vacation Resorts or Shilling was collecting its own debts. (Docket Entry No. 17 at 14). They contend that the complaint "does not allege that [Vacation Resorts] or Shilling offered or extended him credit," nor does it "claim that [Busby] owes [Vacation Resorts] or Shilling a debt." (*Id.*). They argue that the complaint belies

the creditor label because the complaint alleges that Busby owes the debt to the Association, not Vacation Resorts or Shilling, so that neither Vacation Resorts nor Shilling could be collecting its own debt. (*Id.* at 15–16).

Busby responds that Vacation Resorts and Shilling are creditors under the FDCPA because they rejected the "debt collector" label in their correspondence with Busby. (Docket Entry No. 36 at 16). When Busby contacted Vacation Resorts about the debt, Shilling's letter on behalf of Vacation Resorts "explicitly provided '[that Busby's] attempted legal notice pursuant to the Fair Debt Collection Practices Act is hereby rejected as [Vacation Resorts] is not a debt collector within the definition contained in the Act.'" (*Id.* (quoting Docket Entry No. 1-2 at 15)). Because the categories of "debt collector" and "creditor" are mutually exclusive under the FDCPA, and "an entity that acquires a debt and seeks to collect it simply cannot be neither a creditor nor a debt collector," Busby argues that Vacation Resorts and Shilling must be creditors. (*Id.*). Busy contends that, as he alleges in the complaint, Vacation Resorts managed the Landing at Seven Coves for the Association and used Duellman's name in the debt collection letter, indicating that a third party was trying to collect the debt owed to the Association. (*Id.* at 17 (citing Docket Entry No. 1 at ¶¶ 6–7)). Because the complaint alleges that Vacation Resorts used Duellman's name, Busby argues that the false-name exception applies. (*Id.*).

Vacation Resorts and Shilling are correct that Busby has not sufficiently alleged facts that could show that Vacation Resorts or Shilling was a creditor collecting its own debts. The complaint alleges that the letter Busby received was about "a debt owed to Landing at Seven Coves Owners' Association" and gave information on how "to make payments to the Association." (Docket Entry No. 1 at ¶¶ 40, 43; *see also id.* at ¶ 45 ("[T]he letter also states: 'the purpose of this letter is merely to notify you that, if you fail to pay the *Association* the amount

owed, your account may be turned over to a collections agency to recovery the balance due.'")
(emphasis added)).  Busby does not dispute that he owes the debt to the Association.  His claims

rest on the letter's statement that Duellman is the relevant debt collector, even though the contact

information labeled as Duellman's address and phone number were actually that of Vacation

Resorts.  (*See id.* at ¶¶ 42–45).  While the complaint refers to Vacation Resorts and Shilling as

creditors many times, (*see* Docket Entry No. 1 at ¶¶ 34–35, 55, 57–61, 65, 67(b)), these

allegations are conclusory.  Merely labeling Vacation Resorts and Shilling as creditors is not the

same as factual allegations sufficient to support an inference that they were collecting their own

debts.  *See, e.g.*, *Norris*, 500 F.3d at 464 (a "complaint must allege 'more than labels and

conclusions'" (quoting *Twombly*, 550 U.S. at 555)).

     Busby's argument that Vacation Resorts must be a creditor because it is not a debt

collector is unpersuasive.  (Docket Entry No. 36 at 16 (quoting *Bridge v. Ocwen Fed. Bank, FSB*,

681 F.3d 355, 359 (6th Cir. 2012) ("For an entity that did not originate the debt in question but

acquired it and attempts to collect on it, that entity is either a creditor or a debt collector

depending on the default status of the debt at the time it was acquired.")))  The question is

whether Busby alleges that the Vacation Resorts is collecting *its own debts*, not whether it is

affiliated with the owner of those debts.  *See, e.g.*, *Raburn*, 2018 WL 2107188, at *5–*6 (holding

on summary judgment that the plaintiff failed to show that a property manager "was a creditor

collecting *its own debts*, rather than collecting amounts ultimately owed to the" property owner,

even though the plaintiff had alleged that the defendant property manager was "standing in the

shoes of" the property owner) (emphasis in original), *aff'd sub. nom.*, *Raburn v. Community

Mgmt*, No. 18-30696, 2019 WL 548598 (5th Cir. Feb. 11, 2019) (per curiam); *see also Thomas v.

Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 97 (E.D.N.Y. 2013) (granting a motion to dismiss

because the plaintiff "never allege[d] that the [d]efendant was attempting to collect its own debt," but instead alleged facts showing that the "[d]efendant was essentially a billing agent" for the creditor).

The Fifth Circuit's recent decision in *Raburn v. Community Management*, No. 18-30696, 2019 WL 548598 (5th Cir. Feb. 11, 2019) (per curiam), is instructive. Raburn, a member of a homeowners' association, refused to pay some monthly assessments he owed to that association. *Id.* at *1. The association's property management company, Community, sent Raburn several letters informing him of the debt. *Id.* Raburn sued Community, alleging that its letters to him violated the FDCPA. *Id.* The district court entered summary judgment for Community, concluding that the company was not a debt collector under the Act because it fell under the Act's bona fide fiduciary obligation exception, 15 U.S.C. § 1692a(6)(F). *Id.* at *2. The Fifth Circuit affirmed, reasoning that the agreement between the company and the homeowners' association showed that debt collection was "incidental to its bona fide fiduciary obligations." *Id.* at *3. The court also agreed that the false-name exception was inapplicable because Raburn had not offered or identified evidence showing that Community was collecting its own debts. *Id.* The court explained that "[w]hen Community sent Raburn the collection letter, it was attempting to collect [the association's] debt, not its own," and the FDCPA "does not provide that a fiduciary stands in the shoes of its principal or inherits the debts of its principal." *Id.*

Busby's complaint alleges that he owed the debt to the Association, not to Shilling or Vacation Resorts. Because he has not alleged facts that could show that these defendants were collecting their own debts, the false-name exception cannot apply. Vacation Resorts and Shilling cannot be held liable under the FDCPA as creditors.

### 2. Whether Vacation Resorts and Shilling Are "Debt Collectors" Under the FDCPA

Vacation Resorts and Shilling also argue that they are not debt collectors who could be liable under the FDCPA. Whether a defendant is a debt collector is often a threshold question for determining FDCPA liability. *See, e.g.*, *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) (the plaintiffs' claims under the FDCPA failed because the lender defendants were not debt collectors). A "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does not include a "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement." *Id.* § 1692a(6)(F).

Busby alleges once in the complaint that Vacation Resorts is a debt collector under 15 U.S.C. § 1692a(6). (Docket Entry No. 1 at ¶ 67(d)). Vacation Resorts and Shilling dispute this characterization. They argue that their work to "collect unpaid assessments and fees" was "in their capacity as the management agent," and that they "collected assessments owed to the Association," creating a fiduciary obligation that Vacation Resorts owed to the Association. (*Id.*). Because this responsibility was "a fraction of" the duties Vacation Resorts has as the Association's agent, Vacation Resorts argues that "its debt-collection activity is 'incidental to' its fiduciary obligations to the Association." (*Id.* at 13). Under the FDCPA, Vacation Resorts and Shilling are not "debt collectors" because their principal purpose is not the collection of debts. (*Id.*).

The FDCPA recognizes two categories of debt collectors: those with the "principal purpose" of collecting debts; and those who collect debts "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008). "A person may 'regularly' collect debts even if debt collection is not the principal purpose of his business." *Id.* (citing *Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997)). Vacation Resorts and Shilling argue that because Vacation Resorts is a managing agent with the primary purpose of fulfilling varied management services to the Association, and because "its debt-collection activity is 'incidental to' its fiduciary obligations to the Association," Vacation Resorts cannot be a statutory debt collector. (Docket Entry No. 17 at 13).

"Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities." *Brown v. Morris*, 243 F. App'x. 31, 35 (5th Cir. 2007). "[I]f the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity." *Garrett*, 110 F.3d at 318. In the Fifth Circuit, "no bright-line rule identifies when an attorney or law firm 'regularly' collects or attempts to collect debts, so courts must make this determination on a case-by-case basis." *Hester*, 289 F. App'x. at 41 (citing *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62 (2d Cir. 2004)). A similar logic applies to managing agents.

Assessing Vacation Resorts and Shilling's arguments is premature because it requires a factual analysis of the extent to which Vacation Resorts seeks to collect debts.[2] They have not

[2] Vacation Resorts and Shilling attach to their motion and ask the court to consider the Management Agreement between the Association and Vacation Resorts, which outlines Vacation Resorts's responsibilities. (Docket Entry No. 17 at 8 n.3; Docket Entry No. 17-1). They argue that the court can consider the document at this stage because "integral to Plaintiff's Complaint are the allegations and incorporated exhibits relating to [Vacation Resorts'] relationship as a managing agent for the Association, which is based on the

shown that, as a matter of law, they are not FDCPA debt collectors. But Busby's complaint has only one conclusory allegation that Vacation Resorts is a debt collector, and he bases his argument for Vacation Resorts and Shilling's liability under the FDCPA on their alleged role as creditors. Because Busby's argument for holding Vacation Resorts and Shilling liable rests on them being creditors rather than debt collectors, the court defers determining whether Vacation Resorts and Shilling are FDCPA debt collectors until Busby has amended his complaint to allege that they are debt collectors.

Although the court defers on that question, the fact that Busby's allegation that Vacation Resorts and Shilling are creditors liable under the false-name exception fails and he does not allege that Vacation Resorts and Shilling are debt-collectors, Busby has not pleaded facts sufficient to show that Vacation Resorts and Shilling are liable under the FDCPA. The court dismisses Busby's FDCPA claims against them, without prejudice and with leave to amend.

### 3. Whether Shilling or Vacation Resorts Are Liable to Busby as "Flat-Raters"

Vacation Resorts and Shilling also argue that, even assuming that their actions are covered by the FDCPA, they are not liable as "flat-raters" because neither fits within that statutory category. (Docket Entry No. 17 at 16). They argue that flat-raters are "not in the business of debt collection, but merely sell[] dunning letters." (*Id.* (quoting *Anthes v. Transworld Sys., Inc.*, 765 F. Supp. 162, 167–68 (D. Del. 1991))). According to Vacation Resorts and Shilling, the complaint does not allege facts that could show that they wrote or

---

Management Agreement," making the Agreement central to the complaint. (Docket Entry No. 17 at 8 n.3). However, Busby does not refer to the Agreement in his complaint, and the precise relationship between Vacation Resorts and the Association is not central to the complaint. The court cannot properly consider the Agreement on this Motion or at this stage of the case.

"merely" sold dunning letters. (*Id.* at 17). Instead, the complaint alleges that only Duellman was involved in selling his letterhead because the debt-collection letter that Busby received has only Duellman's signature and name. (*Id.*). Vacation Resorts and Shilling also argue that Busby's "allegation that [Vacation Resorts] is 'performing all of the debt collecting' is inconsistent with [his] attempt to paint [Vacation Resorts] as a flat-rater," because flat-raters participate in debt collection only by writing or selling dunning letters. (*Id.*).

Busby responds that although Vacation Resorts and Shilling did not write or send Duellman's letters themselves, they are still flat-raters liable under § 1692j of the FDCPA because they participated in Duellman's "flat-rating scheme to create the impression" that Duellman was the debt collector. (Docket Entry No. 36 at 20). He argues that because the complaint alleges facts that could show that Vacation Resorts and Shilling were using Duellman's letters to collect a debt, even though Duellman would have "had no contact or involvement with [Busby] from beginning to end of the collection process" apart from the letter. (*Id.* at 21–22). Because the complaint alleges that Vacation Resorts and Shilling participated in this scheme, Busby argues that the "flat-raters" claim should not be dismissed. (*Id.* at 22).

While a creditor may be liable under § 1692a(6) when it uses another name in the course of collecting its own debts or participates in a flat-rating arrangement, a creditor cannot be liable as a flat rater under § 1692j. *See, e.g.*, *Sokolski*, 53 F. Supp. 2d at 312; *Burns v. Ross Stuart & Dawson, Inc.*, No. 16-10917, 2016 WL 7013007, at *4 (E.D. Mich. Dec. 1, 2016). Section 1692j provides:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j(a). Liability for a creditor's participation in a flat-rating scheme instead derives from creating the false impression that a third party was involved in the debt collection, which falls under § 1692a(6). *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1235 (5th Cir. 1997) (a creditor may be liable under the false-name exception for sending a form demand letter that an attorney prepared for the creditor "to use in collecting or attempting to collect from the debtor" and which "bore the letterhead of the [attorney's] law firm and the facsimile of [the attorney's] signature").

The court dismisses Busby's claim against Vacation Resorts under § 1692j, (Docket Entry No. 1 at ¶ 67(b)), because an entity alleged to use dunning letters "design[ed], compile[d], and furnish[ed]" by another entity in a flat-rating scheme can be liable only under § 1692a(6), not § 1692j. The court also dismisses Busby's claims against Vacation Resorts based on the alleged flat-rating scheme, without prejudice and with leave to amend, because Busby has not alleged facts sufficient to support his claim that Vacation Resorts is a creditor that could be liable under the FDCPA based on the false-name exception.

Because Busby has not alleged facts that could support finding Shilling or Vacation Resorts are liable under the FDCPA as debt collectors or creditors under the Act's false-name exception, the court dismisses Busby's FDCPA claims against them, without prejudice and with leave to amend.

### C. The Texas Debt Collection Act

Busby seeks statutory and actual damages and injunctive relief based on Vacation Resorts's alleged violations of the Texas Debt Collection Act. (Docket Entry No. 1 at ¶ 1). He alleges that Vacation Resorts and Shilling are "debt collectors" and that Vacation Resorts is a

"third party debt collector" under the TDCA. (*Id.* at ¶¶ 75–76). Busby alleges that Vacation Resorts and Shilling are liable for not naming the true debt collector, in violation of § 392.304(a)(4), and not listing the names and address of the true debt collectors, in violation of § 392.304(a)(6). (*Id.* at ¶¶ 79(b)–(c)). He alleges that Vacation Resorts is also liable for using Duellman's name to collect a debt, in violation of § 392.304(a)(1); representing that Duellman's letter was from an attorney even though it was not, in violation of § 392.304(a)(16); representing that Duellman was collecting the debt when he was not, in violation of § 392.304(a)(17); representing that Duellman was an independent debt collector when Vacation Resorts was in control of the debt collection, in violation of § 392.304(a)(18); and making misrepresentions to collect a debt, in violation of § 392.304(a)(19). (*Id.* at ¶¶ 79(a), (f)–(i)).

Vacation Resorts and Shilling argue that Busby's count alleging violations of the TDCA should be dismissed because the court should decline to exercise supplemental jurisdiction over these state-law claims and because Busby has not alleged that the TDCA violations injured him. (Docket Entry No. 17 at 18). Vacation Resorts and Shilling assert that if the federal claims are dismissed, the general rule is to decline jurisdiction over remaining state-law claims. (*Id.* (citing *Arvie v. Dodeka, LLC*, No. H-09-1076, 2010 WL 4312907, at *6 (S.D. Tex. Oct. 25, 2010))). They also argue that Busby "does not dispute that he owes the funds to the Association" and has not alleged facts that could "suggest that he personally was misled or injured in any way as a result of the alleged violation of the [TDCA]." (*Id.*). Busby responds that the complaint has sufficiently pleaded his federal claims and sufficiently alleged facts showing that he "suffered concrete injuries in fact." (Docket Entry No. 36 at 22).

Busby has not pleaded sufficient facts that could show that Vacation Resorts is a "third-party debt collector" that could be liable under the TDCA. The TDCA defines a "third-party

22

debt collector" as "a debt collector, as defined by 15 U.S.C. Section 1692a(6)." TEX. FIN. CODE § 392.001(7). As discussed above, Busby has not pleaded facts sufficient to support the conclusion that Vacation Resorts is a "debt collector" under the FDCPA or a "creditor" that can be held liable as a debt collector through the false-name exception. Because the Texas Act's definition of a "third-party debtor" incorporates the Federal Act's definition, the complaint does not allege facts that could show that Vacation Resorts is a third-party debtor.

Vacation Resorts and Shilling are correct that Busby has not pleaded facts sufficient to state a claim under the Texas Act because he has failed to alleged that Vacation Resorts and Shilling's violations injured him. The Texas Act requires a plaintiff to plead that he suffered an actual, foreseeable injury as a result of the defendant's wrongful acts. *See* TEX. FIN. CODE § 392.403(a)(2); *see also Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 31 (Tex. App.—Tyler 2000, pet. denied) ("Because [the plaintiff] did not prove that any actual damages were caused by [the defendant's] debt collection practices, she did not successfully maintain an action under the Act."); *Lopez-Garcia v. Deutsche Bank Nat'l Trust Co. for Argent Sec. Inc.*, No. 16-cv-00217, 2017 WL 2869430, at *4 (W.D. Tex. July 5, 2017) (granting summary judgment on the plaintiff's TDCA claim because "plaintiff ... has presented no evidence of the actual damages upon which recovery under the TDCA must be based"); *Naranjo v. Universal Sur. of Am.*, 679 F.Supp.2d 787, 801 (S.D. Tex. 2010) ("Texas courts have stated that a plaintiff who cannot prove actual damages cannot 'successfully maintain an action under the [Texas Debt Collection] Act.'" (quoting *Jackson Law Office, P.C.*, 37 S.W.3d at 30-31)). While Busby has pleaded facts to support constitutional standing, those facts are not sufficient to support his claim that he suffered actual damages under the Texas Act. Busby alleges that because of the FDCPA violations, he "faces damage to his financial reputation and increased collection and late charge

23

assessment costs if [he] does not pay as directed by [Vacation Resorts and Shilling] and did suffer such injuries." (Docket Entry No. 1 at ¶ 71). But Busby has not tied these alleged injuries to the TDCA or pleaded additional facts supporting that the letter led to additional costs, how much those costs were, or what the precise damages to his financial reputation were. In reference to the TDCA, Busby alleges only that Vacation Resorts and Shilling's actions "invaded [his] rights . . . which are protected by the TDCA, the invasion of which caused injury in fact." (*Id.* at ¶ 79(j)). Because a plaintiff must plead facts that could support finding an actual injury, Busby has not stated a claim under the Texas Act. The court dismisses Busby's Texas Act claims, without prejudice and with leave to amend.

## IV.     Conclusion

Shilling's and Vacation Resorts's motion to dismiss is granted. (Docket Entry No. 16). Busby's claims based on violations of the FDCPA and the TDCPA are dismissed, without prejudice and with leave to amend. Busby must file his amended complaint by **March 15, 2019**. The initial pretrial and scheduling conference set for February 22, 2019 is reset to **April 29, 2019, at 2:30 pm.**

SIGNED on February 19, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge