IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD C. BUSBY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4570 |
| | § | |
| VACATION RESORTS | § | |
| INTERNATIONAL, LAW OFFICES | § | |
| OF CLARK J. DUELLMAN, | § | |
| CLARK J. DUELLMAN, and | § | |
| STACEY SHILLING, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Edward C. Busby, sued Vacation Resorts International, the Law Offices of Clark J. Duellman, Clark J. Duellman, and Stacey Shilling, alleging violations of the Fair Debt Collection Practices Act. (Docket Entry No. 1). Busby requested and was granted entry of default against the Law Offices of Clark J. Duellman and Duellman. (Docket Entry No. 37). Busby moved for default judgment against those defendants and then amended his complaint. (Docket Entry Nos. 41–43). Because Busby has amended his complaint, the court sets aside the entries of default and denies as moot his motions for default judgment against the Law Offices of Clark J. Duellman and Duellman.

In the Fifth Circuit, an amended complaint supersedes the original complaint, and district courts set aside entries of default when plaintiffs file amended complaints. *See, e.g.*, *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010) ("[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect . . . ."); *Reilich v. Green Energy Res.*, 297 F.R.D. 277, 283 (W.D. Tex. 2014); *Rossignol v. Tillman*, No. 10-3044, 2011 WL 1190317, at *2 (E.D. La. Mar. 25, 2011); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (Fifth Circuit jurisprudence

consistently holds that an amended complaint supersedes an original complaint). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

The Entry of Default based on Clark J. Duellman's and the Law Offices of Clark J. Duellman's failure to answer or otherwise respond to the original complaint, (Docket Entry No. 37), must be set aside and the pending motions for default judgment must be denied as moot, (Docket Entry Nos. 41, 42). *See, e.g.*, *Morris v. Medley*, No. 1:10-CV-389, 2011 WL 745738, at *2 (S.D. Miss. Feb. 24, 2011) (a motion for default judgment was moot because the plaintiff was granted leave to file an amended complaint). If Duellman or the Law Offices of Clark J. Duellman "fail to plead or otherwise respond" to the amended complaint, Busby may renew his motion for default under Rule 55(a) and his motion for default judgment under Rule 55(b) with respect to the amended complaint.

SIGNED on April 9, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge